### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **THE KULLMAN FIRM, APLC,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CN:  25-522 |
| | ) | |
| **SANDRA GANTT aka SANDRA HUGHES,** | ) | |
| **DONALD GANTT, INTEGRATED ELECTRONIC** | ) | |
| **TECHNOLOGIES INC., and IET SYSTEMS INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### COMPLAINT

COMES NOW The Kullman Firm, APLC, by and through undersigned counsel, and files its Complaint against the above named Defendants, alleging as follows:

### PARTIES

1. The Kullman Firm, APLC ("Kullman"), is a Louisiana Professional Law Corporation with its principal place of business located in Louisiana.  For the purpose of this Court's analysis of diversity in this matter to satisfy the requirements of 28 U.S.C. §1332, Kullman is not a citizen of Alabama.

2. Defendant Sandra Gantt aka Sandra Hughes ("Sandra Gantt") is over the age of nineteen years and is a resident of Florida. For the purpose of this Court's analysis of diversity in this matter to satisfy the requirements of 28 U.S.C. §1332, Sandra Gantt is not a citizen of Alabama.

3. Defendant Donald Gantt ("Donald Gantt") is over the age of nineteen years and is a resident of Florida. For the purpose of this Court's analysis of diversity in this matter to satisfy the requirements of 28 U.S.C. §1332, Donald Gantt is not a citizen of Alabama.

4. Defendant Integrated Electronic Technologies, Inc. ("Integrated"), is an Alabama Corporation with its principal place of business in Mobile County, Alabama. Upon information and belief, its sole shareholder is Sandra Gantt.

5. Defendant IET Systems, Inc. ("IET Systems"), is an Alabama Corporation with its principal place of business in Mobile County, Alabama. Upon information and belief, its sole shareholder is Donald Gantt.

## JURISDICTION AND VENUE

6. Kullman would show that the sum to be recovered exceeds $75,000.00 and that diversity exists between the Plaintiff and Defendants. This Court has subject matter jurisdiction by virtue of 28 U.S.C. §1332.

7. Venue is proper in this Court pursuant to 28 U.S.C.A. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTS

### *Integrated's Indebtedness to Kullman*

8. On August 31, 2011, a class action complaint was filed against Integrated in the U.S. Eastern District of Louisiana, in the matter styled *White et al v. Integrated Electronic Technologies, Inc., et al*., being case number 2:11-cv-02186 (the "White Class Action").

9. Integrated retained Kullman to defend it in the White Class Action, and Kullman represented Integrated throughout the proceedings and the settlement of the matter, which settlement occurred on or about August 2, 2016.

10. Integrated incurred substantial attorney's fees during Kullman's representation in the White Class Action, paying such fees until February of 2015, and thereafter failing to pay invoices totaling $251,239.59.

11. On April 2, 2019, a lawsuit was filed by Kullman against Integrated in the Civil District Court of Orleans Parish, in the matter styled *The Kullman Firm APLC v. Integrated Electronic Technologies, Inc.*, being case number 2019-3556 (the "Kullman Firm Lawsuit").

12. After a four-day jury trial in May of 2023, Integrated was found liable for the principal sum of $251,239.59, plus accrued interest at the rate of 10% per annum and responsible for attorney's fees incurred.

13. On July 6, 2023, a judgment was entered in favor of Kullman and against Integrated in the principal amount of $251,239.59.

14. On December 7, 2023, a second judgment was entered in favor of Kullman and against Integrated for its attorney's fees incurred in the amount of $159,558.97 and costs of $34,103.26 (first and second judgments collectively, the "Judgments").

15. Since entry of the Judgments, no payments have been made toward the Judgments and the Judgments remain wholly unsatisfied.

### *Integrated & IET Systems*

16. Integrated is an Alabama corporation, formed on May 15, 2000, owned 100% by Sandra Gantt, and its officers are Donald Gantt (president) and Sandra Gantt (vice president).

17. Integrated maintains its principal place of business and office at 4324 Midmost Drive Mobile, Alabama.

18. IET Systems is an Alabama corporation, formed on November 21, 2012, owned 100% by Donald Gantt, and its officers are Donald Gantt (president) and Sandra Gantt (secretary).

19. IET Systems also maintains its principal place of business and office at 4324 Midmost Drive Mobile, Alabama.

20. Since at least 2018, Integrated routinely transferred funds to IET Systems and other companies owned and controlled by the Gantts, which transfers have occurred hundreds of times over the years, without documentation, consideration or arm's length negotiation.

21. Upon information and belief, from October 1, 2018, to April 20, 2023, the transfers to and from Integrated's main account at Truist Bank (account ending #3711) and IET Systems and other Gantt controlled entities is in the staggering amount of approximately 463 transfers, all of which are undocumented. *See* **Exhibit A**.

22. Upon information and belief, Integrated, IET Systems and the other Gantt controlled entities, possess, transfer and/or hold funds of, or for the benefit of, one another, and make and receive payments for, and on behalf of each named defendant, pooling their resources without regard to corporate separateness.

23. Upon information and belief, Integrated has used its funds to settle personal liabilities of Donald Gantt and those of other Gantt controlled entities.

24. In support of these fraud, successor liability and alter ego allegations, Plaintiff further alleges the following:

   A. Prior to entry of the jury finding Integrated liable to Kullman in May of 2023, Integrated engaged in substantial business with the containerboard division of Georgia Pacific LLC. Specifically, during the period of October of 2018 to April of 2023, Integrated received income from the containerboard division of Georgia Pacific LLC in the approximate amount of $780,384.82.

   B. In May of 2023, the income stream to Integrated from Georgia Pacific LLC abruptly ceased.

C. After May of 2023, IET Systems began to receive the income from the containerboard division of Georgia Pacific LLC. Specifically, from May of 2023 to the present, IET Systems has received approximately $269,582.51 from the containerboard division of Georgia Pacific LLC.

D. Since the cessation of income to Integrated, IET Systems has transferred funds to Integrated and has paid the debt obligations of Integrated. No contracts, notes or agreements exist for any such transactions between those companies.

E. Pursuant to the Coronavirus Aid, Relief and Economic Security Act Program, on May 5, 2020, Integrated received a Paycheck Protection Program loan ("PPP Loan") from Iberiabank in the amount of $78,033.11.

F. On May 13, 2021, on behalf of Integrated, its owner Sandra Gantt executed a sworn "PPP Loan Forgiveness Application Form," swearing that the PPP Loan was used for payroll for the alleged employees of Integrated.

G. Upon information and belief, that representation was false, as after the PPP Loan funds were deposited into the account of Integrated, Integrated immediately issued two checks to IET Systems in the amount of $42,000 (on May 6, 2020) and $35,000 (on May 8, 2020).

H. Integrated's checks were deposited into the account of IET Systems maintained at Iberiabank (account ending #1990) and then wired to the account of IET Systems at Truist Bank (account ending #4335).

I. IET Systems then used the PPP Loan funds of Integrated to pay several credit cards, its loan obligations, its vendors/suppliers and its employees.

J.  On February 4, 2021, Integrated received a second PPP Loan from Century Bank in the amount of $78,033.11.

K.  The second PPP Loan was initially deposited into Integrated's account at Century Bank, and then two checks totaling $78,000 were issued to Integrated and deposited into its account at Truist Bank (account ending #3711).

L.  Upon depositing the second PPP Loan, Integrated immediately wired $15,000 to its lawyer (Burt Noojin PC), transferred $52,000 to IET Systems, and paid $10,000 on a debt obligation owed to a former business partner.

M.  Upon information and belief, no amount of the second PPP Loan funds were used for any employee payroll of Integrated.

N.  Upon information and belief, in 2019, Integrated transferred most of its personal property assets to IET Systems, receiving no or nominal consideration for the transfer, and no contract or sales documentation exists to support the transfers.

O.  In January of 2019, Integrated used its funds to settle a lawsuit filed against Donald Gantt and Forza Technologies, Inc., and upon information and belief, there was no documentation for that transfer or consideration exchanged.

P.  Since 2019, IET Systems has paid Integrated credit card debt and debt obligations to former business partner of Integrated.

Q.  Numerous other facts support that IET Systems is the alter ego and/or successor company to Integrated, to-wit:

    1).  IET Systems exists and operates from the same physical address as Integrated, to-wit, 4324 Midmost Drive Mobile, Alabama.

    2).  IET Systems uses the same telephone as Integrated, to-wit, (800) 984-8054.

      3).     IET Systems has or had the same officers and employees as Integrated.

      4).     IET Systems engages in the same business as Integrated.

      5).     IET Systems represents that the past projects and contracts completed by Integrated are its projects.

      6).     IET Systems and Integrated have common vendors, suppliers, CPAs, and Attorneys.

      7).     IET Systems was not formed until 2012, and misrepresents how long it has been in business, representing to customers and clients that its employees have worked for it when they had in fact worked for Integrated, for example:

> "Nick Dearman came to IET Systems in 2006 with an impressive 10 years of high-voltage electrical experience."

> "Denys Driver is the Vice President of Perimeter Security. He has been a critical team performer since 2011."

> "Kelley [Nolen]'s impressive career with IET started in 2009 where she was working in the residential security division."

> "IET Systems has over 35 years of experience in full-service systems integration."

      8).     And for such other reasons which will be developed during discovery.

25.     Upon information and belief, the consideration for the above described transfers of assets, accounts and goodwill of Integrated to IET Systems was inadequate or non-existent.

## Count I – Successor Liability of IET Systems

26.     Plaintiff adopts and incorporates the preceding allegations as if fully set out herein.

27.     Upon information and belief, IET Systems expressly agreed to assume the obligations of Integrated and/or there was a *de facto* merger or consolidation of the two entities.

28.     In the alternative, the transfer of assets to IET Systems by Integrated is a fraudulent attempt to escape liability as Integrated,

      A.    transferred substantially all of its assets to IET Systems;

      B.    there was for no or nominal consideration for the transfers;

      C.    the transfer of assets was to an insider as both companies have common owners and officers;

      D.    both companies are controlled by owners from the same office;

      E.    the transfer of assets occurred with no written assignments, bills of sale, purchase agreements or any other contractual documentation;

      F.    At the time of the transfer of assets to IET Systems, Integrated had judgments against it and other lawsuits pending against it;

      G.    Transferring the assets of Integrated to IET Systems put such assets outside the levy, seizure or garnishments of Integrated's judgment creditors such as Kullman.

29. Integrated is thus attempting to avoid paying the Judgments entered against it under this scheme of using a successor company to allow it to continue to operate and do business through the IET Systems entity.

30. The transfer of assets from Integrated to IET Systems and the manner of operation of both entities is a *de facto* consolidation of the two companies and/or a fraudulent attempt by Integrated to escape liability, and it will effectively avoid paying the Judgments in favor of Kullman unless IET Systems is held jointly and severally liable for the Judgments entered against Integrated and in favor of Kullman.

WHEREFORE, Plaintiff demands IET Systems be held jointly and severally liable for the Judgments of Kullman, and an award entered against IET Systems for compensatory damages in the amount of $444,901.82, plus accrued interest from the date of the entry of the Judgments in the

Kullman Firm Lawsuit, costs and such other relief to which it is entitled.

### Count II – Alter Ego Liability of Sandra Gantt

31.  Plaintiff adopts the preceding allegations as if fully set out herein.

32.  Sandra Gantt remains the shareholder of Integrated, and upon information and belief, exercises control over the operations of Integrated so that Integrated's business is a mere adjunct, instrumentality, and alter ego of her.

33.  Sandra Gantt has misused her control over Integrated to the detriment of the Plaintiff by fraudulently conveying all or nearly all of the assets of Integrated to other companies wholly owned and controlled by the Gantts to avoid the Judgments entered against Integrated, as alleged hereinabove.

34.  Sandra Gantt has personally engaged in wrongful conduct to the detriment of the Plaintiff and it would be unjust to allow her to hide behind the corporate form of Integrated to avoid personal liability for her wrongful conduct.

35.  Sandra Gantt has permitted her spouse Don Gantt to misuse assets of Integrated to settle personal liabilities and debts, as alleged hereinabove.

WHEREFORE, Plaintiff demands this Court pierce the corporate veil and declare Integrated to be the alter ego of Sandra Gantt, subjecting her to personal liability for her wrongful conduct against Plaintiff, and assess a compensatory damage award against her in the amount of $444,901.82, plus accrued interest from the date of the entry of the Judgments in the Kullman Firm Lawsuit, costs and such other relief to which it is entitled.

### Count III – Alter Ego liability of Donald Gantt

36.  Plaintiff adopts the preceding allegations as if fully set out herein.

37. Donald Gantt remains the shareholder of IET Systems, and upon information and belief, exercises control over the operations of IET Systems so that IET Systems' business is a mere adjunct, instrumentality, and alter ego of him.

38. Donald Gantt has misused his control over IET Systems to the detriment of the Plaintiff by fraudulently conveying all or nearly all of the assets of Integrated to IET Systems and other wholly owned and controlled companies of the Gantts to avoid the Judgments entered against Integrated, as alleged hereinabove.

39. Donald Gantt has personally engaged in wrongful conduct to the detriment of the Plaintiff and it would be unjust to allow him to hide behind the corporate form of IET Systems to avoid personal liability for his wrongful conduct.

WHEREFORE, Plaintiff demands this Court pierce the corporate veil and declare IET Systems to be the alter ego of Donald Gantt, subjecting him to personal liability for his wrongful conduct against Plaintiff, and assess a compensatory damage award against him in the amount of $444,901.82, plus accrued interest from the date of the entry of the Judgments in the Kullman Firm Lawsuit, costs and such other relief to which it is entitled.

## Count IV-Fraudulent Transfers from Integrated to Defendants

40. Plaintiff adopts the preceding allegations as if fully set out herein.

41. Under the Alabama Uniform Voidable Transactions Act ("AUVTA"), which applies to transactions or transfers occurring after January 1, 2019, Kullman is a "creditor" of Integrated by virtue of its unsatisfied Judgments against Integrated.

42. Integrated made the transfers of its assets to IET Systems with actual intent to hinder, delay, and defraud its creditors, including Kullman, or without receiving reasonably equivalent value

in exchange for the transfer, within the meaning of § 8-9B-5(a), *Ala. Code*, which is evidenced by some or all of the following:

    A.    At the time the transfers, Integrated was indebted to Kullman in an amount of approximately $444,901.82;

    B.    Integrated did not receive any funds or other valuable assets in consideration for the transfers, or any consideration it did receive was not reasonably equivalent to the value of the assets transferred;

    C.    The result of the transfers was to place assets beyond the reach of Kullman and the creditors of the Integrated;

    D.    Integrated retained possession and control of the assets as it continued to benefit from the assets by virtue of IET Systems paying Integrated's debt obligations and expenses;

    E.    The transfers were to an insider, IET Systems is owned by the spouse of Integrated's owner and both spouses are officers of both companies;

    F.    Integrated was either insolvent at the time of the transfers, or became insolvent as a result thereof;

    G.    At the time of the transfers Integrated was being sued by Kullman, and then Judgments were entered against it;

    H.    And for such other reasons which will be developed during discovery.

43.    Kullman has been damaged as a result of the transfers.

44.    As a result of the Defendants' fraud, Kullman is entitled to relief under § 8-9B-8, *Ala. Code.*

45. As Integrated is the alter-ego of Sandra Gantt and IET Systems the alter ego of Donald Gantt, they are personally liable for the fraudulent transfers orchestrated by and through their respective companies.

### COUNT V-Ala. Code §8-9B-6(a)

46. Kullman adopts and re-alleges the above paragraphs as if fully set forth herein.

47. In addition, or alternatively, the transfers were fraudulent and voidable under § 8-9B-6(a) *Ala. Code*, because Kullman's claim arose prior to the transfers, Integrated did not receive reasonably equivalent value in exchange for the transfers to IET Systems and it was insolvent at the time or it became insolvent as a result of the transfers to IET Systems.

48. Kullman has been damaged as a result of the transfers.

49. As Integrated is the alter-ego of Sandra Gantt and IET Systems the alter ego of Donald Gantt, they are personally liable for the fraudulent transfers orchestrated by their respective companies.

50. As a result of the Defendants' fraud, Kullman is entitled to relief under § 8-9B-8, *Ala. Code*.

### COUNT VI-Ala. Code §8-9B-6(b)

51. Kullman adopts and re-alleges the above paragraphs as if fully set forth herein.

52. In addition, or alternatively, the transfers were fraudulent and voidable under § 8-9B-6(b) *Ala. Code*, because Kullman's claim arose prior to the transfers, the transfers were made to an insider for an antecedent debt, Integrated was insolvent at that time, and IET Systems had reasonable cause to believe that Integrated was insolvent.

53. Kullman has been damaged as a result of the transfers.

54. As Integrated is the alter-ego of Sandra Gantt and IET Systems the alter ego of Donald Gantt, they are personally liable for the fraudulent transfers orchestrated by and through their respective companies.

55. As a result of the Defendants' fraud, Kullman is entitled to relief under § 8-9B-8, *Ala. Code*.

WHEREFORE, in accordance with § 8-9B-8, *Ala. Code* (1975), Plaintiff Kullman requests that the Court enter a judgment (i) against Defendants Integrated, IET Systems, Sandra Gantt and Donald Gantt, jointly and severally, for the value of the assets fraudulently conveyed; (ii) against the Defendants, jointly and severally, for compensatory and PUNITIVE DAMAGES in an amount to be determined by the Court; (iii) enjoining Defendants against further disposition of any real or personal property for less than reasonably equivalent value or further disposition of any real or personal property out of the ordinary course of business; (iv) establishing that any real or personal property subsequently purchased with the proceeds from the transferred assets be attached and levied for execution; (v) allowing Kullman to withdraw any proceeds of such fraudulent transfer from accounts held in the name of Integrated, IET Systems, Sandra Gantt, Donald Gantt or any company owned and controlled by Defendants; and (vi) for such other, further and different remedies as it may be entitled to receive under § 8-9B-8, *Ala. Code* (1975), or such other statutes and common laws as may apply, including costs, expenses, and attorneys' fees.

> */s/ Gilbert L. Fontenot*
> Gilbert L. Fontenot (FON003)
> MAPLES & FONTENOT, LLP
> Post Office Box 1281
> Mobile, Alabama 36633
> (251) 445-2083
> gus@maplesfontenot.com
> *Attorney for The Kullman Firm, APLC*